Louis Dietz v. Emma A. Bignall, Claimant.

*Garnishment—Claim by third party—Husband and wife—Agency*
*—Findings of fact.*

1. Findings of fact cannot be disturbed by the appellate court
   upon the ground that the weight of the evidence is against
   them, or because that court would have arrived at a different
   conclusion in passing upon the testimony. It is sufficient if
   there is some testimony tending to establish the facts as found.
2. In this case it is held that there was some evidence tending to
   support the finding that the claimant was the contracting
   party with the garnishee defendant, instead of her husband,
   who acted solely as her agent, and that she was entitled to
   the money due on said contract.

Error to Kent. (Grove, J.) Argued May 12, 1891.
Decided June 5, 1891.

Garnishment proceedings; claimant declaring in trover.
Plaintiff brings error. Affirmed. The facts are stated in
the opinion.

*Everett D. Comstock,* for appellant, contended:

1. The pretended transfer or sale from Bignall to his wife was
   void as against his creditors, who could reach the property or
   its avails by proper proceedings.
2. Under the married woman's act the wife cannot carry on a
   general business, by her husband as her agent, so as to make
   the proceeds her own as against his creditors, but the entire
   capital and its avails will be liable for his debts; citing *Glover
   v. Alcott,* 11 Mich. 470; *Wortman v. Price,* 47 Ill. 22; *Robin-
   son v. Brems,* 90 Id. 351; *Glidden v. Taylor,* 16 Ohio St. 509;
   *Wilder v. Abernethy,* 54 Ala. 644; and this doctrine is not
   overthrown by the decision in *Rankin v. West,* 25 Mich. 195,
   that being a case where the creditors had no reason to com-
   plain, the property in question having been sold to the wife on
   her credit by parties who would not trust her husband, and
   the distinction being fully explained at pages 200 and 201.
3. A conveyance by an insolvent husband to his wife is held void
   as to both existing and future creditors in *Bostwick v. Burnett,*

74 N. Y. 319; and a merely colorable family arrangement, being a pretended sale from a debtor to his wife and children, will not pass title so as to defeat an execution levy by the husband's creditors; citing *Cole v. Call*, 79 Mich. 159.

*J. A. Fairfield,* for claimant.

LONG, J. On December 19, 1889, plaintiff recovered judgment against Charles H. Bignall before a justice of the peace for the sum of $88.65 damages and $3.50 costs. This judgment was rendered upon a promissory note given by Bignall to the plaintiff, of date September 26, 1887.

The summons by which suit was commenced was issued on December 11, 1889, and on the same day the garnishee summons was issued in favor of plaintiff against one Henry C. Russell, as garnishee of said Charles H. Bignall. Russell, the garnishee defendant, on the return-day of the garnishee summons made disclosure to the justice that he was indebted to the said Charles H. Bignall in the sum of $150. On December 26, 1889, the judgment in the principal case not having been appealed from, a second summons was taken out by the plaintiff against Russell, the garnishee defendant, returnable before the justice on January 4, 1890, at which time the cause was continued by consent till January 11, 1890. On that day the garnishee defendant further disclosed that Emma A. Bignall, the claimant in this case, claimed the money which he had previously disclosed he owed to Charles H. Bignall, whereupon he paid into the hands of the justice the sum of $163.65, being the amount of his disclosed indebtedness. No judgment was rendered againt him, and the cause was adjourned till January 27, 1890, and a discharge was given the garnishee defendant for the amount so paid by him. At the same time a notice was issued by the justice to the claimant, Emma A. Bignall,

to appear before him on January 23, 1890, and maintain
her claim to this money. The cause was thereafter tried
on January 31, 1890, and the justice rendered judgment
in favor of the plaintiff and against the claimant for the
costs of the proceeding. The claimant appealed from
this judgment to the circuit court for the county of Kent,
and the justice paid the money deposited by the garnishee
into the circuit court. The cause was tried in the Kent
circuit court, and the judgment rendered by the justice
reversed, and judgment rendered in the circuit court in
favor of the claimant for the amount of the money
deposited with costs.

Plaintiff brings error.

The cause was tried before the circuit court without a
jury, and the court, at the request of the parties, made
a finding of facts and of law. The court found as facts
that the husband of the claimant, and as her agent,
made a contract with the garnishee defendant, Henry C.
Russell, for the construction of certain stone-work, and
to furnish the stone, lime, and material for the founda-
tion of the building to be built by the claimant, at the
price of about seven or eight hundred dollars; that Rus-
sell, the garnishee defendant, paid all the said moneys on
said contract, except $165; that one of the checks given
by said Russell was given (not payable) to Charles H.
Bignall, payable to Emma A. Bignall, claimant in this
suit; that before his disclosure in garnishment in justice's
court, but after service of the summons in garnishment
was made on him, he was first informed that the claim-
ant was entitled to the money, and that she was the
contractor, and said Charles H. Bignall was only her
agent, and which was the first direct notice he had
received thereof; that the claimant purchased all the
material that went into the Russell job, and paid the

men from her own money, and that such materials as went into the Russell job that were obtained on credit were obtained on the credit of the claimant, and that Charles H. Bignall had no credit whatever; that since said claimant assumed said business she has done about $50,000 worth of building walls and furnishing materials in her own name, and on her own credit; that the arrangement made in March, 1888, between the claimant and her husband for her to assume the property and management of the affairs was genuine and *bona fide*, and not made to cheat or defraud creditors; and from that time forward she has been the sole contractor, and all business has been carried on in her name.

The court found as matter of law:

1. That the contract was made between claimant and said Russell.

2. That the money due on said contract all belonged to the claimant.

The court thereupon directed judgment in favor of the claimant for the moneys due on the contract, and for costs against the plaintiff.

Several other findings of fact made by the circuit judge are found in the record, which we do not deem it necessary to discuss.

Some 20 errors are assigned upon the record by plaintiff's counsel; but if the facts found by the circuit judge heretofore set out are supported by any evidence, it must end the case in favor of the claimant. The controversy is therefore necessarily narrowed down to this one question, to wit: Is there any testimony that claimant was the contracting party with Russell under this contract? The husband of the claimant had been engaged in the same business prior to March, 1888. The testimony of claimant tends to show that at that time her husband had lost everything he possessed, except three or four

horses, two or three wagons, and a small steam-power
and pump for the stone quarry which he had been work-
ing; that this was incumbered, and was of little or no
value; that her husband had used money that belonged
to her, and turned this property over to her that she
might go on with the business if she desired; that from
that time forward she had carried on a contract business
in furnishing stone and material for buildings and in the
erection of buildings in the city of Grand Rapids, her
husband acting solely as her agent in the conduct of
the business. She testifies positively that her husband
had no interest whatever in the contract made with Rus-
sell; that it was her contract, in which her husband had
no interest.

The findings of fact by the circuit judge cannot be dis-
turbed by this Court upon the ground that the weight of
evidence is against the findings, or that this Court would
have arrived at a different conclusion in passing upon the
testimony. It is sufficient if there is some testimony
tending to show the facts as found.

We cannot say upon this record that there is no testi-
mony to support the findings, and the judgment must be
affirmed, with costs.

The other Justices concurred.